**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Maggie J. McNelis,

                Plaintiff,

                                      **MEMORANDUM OPINION**
        v.                            **AND ORDER**
                                        Civil No. 11-16 ADM/LIB

Michael J. Astrue,
Commissioner of Social Security,

                Defendant.

_____

Edward C. Olson, Esq., Minneapolis, MN, on behalf of Plaintiff.

David W. Fuller, Esq., Assistant U.S. Attorney, Minneapolis, MN, on behalf of Defendant.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of

Plaintiff Maggie J. McNelis's ("Plaintiff") Objections [Docket No. 23] to Magistrate Judge Leo

I. Brisbois's Report and Recommendation [Docket No. 21] ("R&R").  Judge Brisbois's R&R

recommends that Plaintiff's Motion for Summary Judgment [Docket No. 13] be denied and

Defendant's Motion for Summary Judgment [Docket No. 18] be granted.  This is a federal action

contesting Defendant Social Security Commissioner Michael J. Astrue's ("Commissioner")

denial of Plaintiff's application for disability insurance benefits.  The procedural and factual

background described in the R&R is incorporated by reference.  Based on a de novo review of

the record, Plaintiff's Objections are overruled and Judge Brisbois's R&R adopted.

## II. DISCUSSION

### A.  Standard of Review

A district court must make an independent, de novo review of those portions of an R&R

to which a party objects and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b) ("The District Judge may accept, reject, or modify the recommended decisions. . . ."). A reviewing court must affirm the Social Security Commissioner's (the "Commissioner") decision if it is supported by substantial evidence in the records as a whole.  Tellez v. Barnhart, 403 F.3d 953, 956 (8th Cir. 2005).  Substantial evidence is more than a mere scintilla, "less than a preponderance, but enough that a reasonable mind would find it adequate to support the ALJ's decision."  Gonzales v. Barnhart, 465 F.3d 890, 894 (8th Cir. 2006).  The test for substantial evidence requires a court to "consider evidence that detracts from the [Commissioner's] decision as well as evidence that supports it."  Warburton v. Apfel, 188 F.3d 1047, 1050 (8th Cir. 1999) (citation omitted).  "We may not reverse the Commissioner's decision merely because substantial evidence supports a contrary outcome."  Id.  The court may not substitute its judgment for that of the administrative law judge ("ALJ"), because the ALJ "enjoys a closer position to the testimony in support of an application."  Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).  The ALJ's denial of benefits will be upheld "so long as the ALJ's decision falls within the 'available zone of choice.'"  Bradley v. Astrue, 528 F.3d 1113, 1115 (8th Cir. 2008) (citation omitted).

### B.  Plaintiff's Objections

#### 1.  The ALJ Properly Weighed the Evidence

Plaintiff's sole objection to the R&R is its conclusion that the ALJ properly weighed the medical evidence and appropriately developed the record.  Plaintiff relies on the rule that "opinions of non-treating practitioners who have attempted to evaluate the claimant without

examination do not normally constitute substantial evidence on the record as a whole." <u>Shontos v. Barnhart</u>, 328 F.3d 418, 427 (8th Cir. 2003). Plaintiff contends that it was therefore improper for the ALJ to discount the medical opinions of Plaintiff's treating physicians — Dr. Stormo, Dr. Rhodes, Dr. Kurtti, Dr. Fitch, and psychologist Harlan Gilbertson — and to give more weight to the reports of physician's assistant Gina Cincinelli and State Agency Medical Consultants.

"[A] treating physician's opinion is given 'controlling weight' if it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence.'" <u>Dolph v. Barnhart</u>, 308 F.3d 876, 878 (8th Cir. 2002) (citing 20 C.F.R. § 404.1527(d)(2)). The record is evaluated as a whole, however, so a treating physician's opinion is not conclusive in determining disability status. <u>See</u> <u>Forehand v. Barnhart</u>, 364 F.3d 984, 986 (8th Cir. 2004). Significantly, a treating physician's opinion can be discounted "if other assessments are supported by better or more thorough medical evidence." <u>Rogers v. Chater</u>, 118 F.3d 600, 602 (8th Cir. 1997).

The ALJ weighed Plaintiff's treating physicians' opinions and found them deficient. Most of the treating physicians offering opinions to support Plaintiff's assertion that her disability predated her twenty-second birthday did not begin treating Plaintiff until after she turned twenty-two on December 6, 2003. Dr. Stormo began treating Plaintiff on August 4, 2004, nearly a year after Plaintiff turned twenty-two. Administrative Record [Docket No. 7] Tr. 1019–1023. Dr. Fitch first treated Plaintiff on May 10, 2004, more than five months after Plaintiff's twenty-second birthday, Tr. 1048, and Dr. Gilbertson first treated Plaintiff on January

29, 2007, more than three years after that date, Tr. 305.[1]  The lack of firsthand, contemporaneous medical diagnosis of Plaintiff's disability before becoming twenty-two severely undercuts the validity of physician's opinions on that specific topic.

Plaintiff's other two physicians' opinions directly conflict with the objective medical evidence in the record.  Both Dr. Rhodes and Dr. Kurtti determined that: (1) Plaintiff would have to lie down for extended periods daily, Tr. 1027, 1044; (2) Plaintiff had a poor prognosis, Tr. 1028, 1045; (3) Plaintiff should be significantly limited on how long she sat, stood, and walked throughout the day, Tr. 1028, 1045; and (4) Plaintiff was limited in how often and how much she could lift, bend, squat, climb, and reach, Tr. 1029, 1045.  However, substantial evidence based on better and more thorough medical assessments found otherwise.  Contemporary treating physicians found that: (1) Plaintiff's tenderness to palpation was only mild or moderate, Tr. 366, 381, 390, 399, 405, 409; (2) Plaintiff's range of motion was normal or at most moderately limited, see Tr. 366 and Tr. 381, 390, 405; and (3) Plaintiff could walk properly and had at most moderately limited flexion, Tr. 363, 393, 398, 405.  Objective medical tests, including three MRIs and two X-rays, found minimal damage or normal function.  Plaintiff's initial MRI showed the vertebrae to be normal with no definite impingement of nerves and revealed only a small annular tear and mild degenerative arthritis.  Tr. 331.  The second MRI showed a small disc herniation and no definite nerve impingement, Tr. 408–09, and the third, taken after Plaintiff's twenty-second birthday, showed the vertebrae to be normal, Tr. 326.  The X-rays showed normal lumbar and vertebral disk spaces, only slight wedging of disks, and no

---

[1]Indeed, all Plaintiff's cited medical records are from after Plaintiff's twenty-second birthday and do not discuss when her mental impairments became disabling.

degenerative vertebral damage.  Tr. 325, 329.

The ALJ's use of the state agency consulting opinions was proper.  The ALJ granted significant weight to Plaintiff's own treating physician's assistant, Gina Cincinelli, who saw Plaintiff during the relevant time period and concluded that she was unsure of the cause of Plaintiff's pain because her MRI was normal.  Tr. 409.  Additionally, two physicians concluded that Plaintiff's back pain was inconsistent with her MRIs, Tr. 409, 920, with one doctor stating that her "MRI does not reveal any injury that is consistent with her pain [and t]his may represent a growing narcotic dependence problem, more so than a back injury problem."  Tr. 920.  This time-relevant and objective evidence conflicts with the opinions of Dr. Rhodes and Dr. Kurtti, so the ALJ was proper in discounting their opinions and placing more weight in the contemporaneous and objective evidence.

## 2.  The ALJ Appropriately Developed the Record

Plaintiff also avers that the ALJ inappropriately developed the record by failing to obtain evidence from a medical advisor at the hearing or to acquire medical evidence concerning the onset of Plaintiff's disability.  Plaintiff identifies such a duty in Social Security Ruling ("SSR") 83-20 which states that

> In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, e.g., the date the claimant stopped working.  How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case.  This judgment, however, must have a legitimate medical basis.  At the hearing, the [ALJ] should call on the services of a medical advisor when onset must be inferred.  If there is information in the file indicating that additional medical evidence concerning onset is available, such evidence should be secured before inferences are made.

Plaintiff contends that retrospective opinions and actual medical records show the onset of

Plaintiff's impairments began before age twenty-two, and as a result the ALJ was required to seek medical evidence or evidence from a medical advisor at the hearing.

Plaintiff's argument misreads SSR 83-20.  As interpreted in Grebenick v. Chater, 121 F.3d 1193 (8th Cir. 1997), only "when there is no contemporaneous medical documentation, [do] we ask whether the evidence is ambiguous regarding the possibility that the onset of her disability occurred before the expiration of her insured status."  Id. at 1201 (citation omitted).  SSR 83-20 expressly states that "[i]n some cases, it may be possible . . . to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination . . . ."  There was no need for the ALJ to rely on an inference here, because ample contemporaneous medical documentation existed and the ALJ expressly stated that he "reviewed all of the objective medical evidence and primarily the evidence prior to 2004."  Tr. 27.[2]  Additionally, as discussed above, the ALJ considered and properly discounted the retrospective opinions of Dr. Rhodes, Dr. Kurtti, Dr. Fitch, Dr. Gilbertson, and Dr. Stormo.  See supra Section II(B)(1).  Significantly, none of the treating doctors made a retrospective diagnosis stating exactly when the alleged medical conditions became debilitating.  Id.  "There is no bright line test for determining when the [Commissioner] has . . . failed to develop the record.  The determination in each case must be made on a case by case basis."  Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994).  The ALJ here properly developed the record, considered the evidence, and made a well-reasoned disability determination.

_____

[2]The ALJ expressly addressed the medical opinions of state agency reviewing physicians, registered nurse Anne Trujillo, pain specialist Dr. David Shultz, psychiatrist Dr. Joos, internal medicine physician Dr. Sahgal, surgeon Dr. Smith and his physician's assistant Gina Cincinelli, physical medicine physician Dr. Kurtti, and orthopedic surgeon Dr. Schwender.  Tr. 24–28.

## III.  ORDER

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1.     Plaintiff's Objections [Docket No. 23] are **OVERRULED**;

2.     Judge Brisbois's Report and Recommendation [Docket No. 21] is **ADOPTED**;

3.     Plaintiff's Motion for Summary Judgment [Docket No. 13] is **DENIED**; and

4.     Defendant's Motion for Summary Judgment [Docket No. 18] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


        s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  March 12, 2012.

7